UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TUNDE ADEYI,                          :
                                      :   Civil Action No. 09-5316 (JBS)
              Plaintiff,              :
                                      :
                                      :
              v.                      :   **ORDER**
                                      :
FCI FT. DIX HEALTH SERVICES,          :
et al.,                               :
                                      :
              Defendants.             :


        For the reasons expressed in the Court's Opinion filed

herewith,

        It is on this   **4th**   day of   **May**, **2010**,

        ORDERED that the Clerk of the Court is directed to file the

Complaint without prepayment of the filing fee; and it is further

        ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk

shall serve a copy of this Order by regular mail on the United

States Attorney for the District of New Jersey and on the Warden

or Administrator at FCI Fort Dix, where plaintiff currently is

confined; and it is further

        ORDERED that plaintiff is assessed a filing fee of $350.00

which shall be deducted from plaintiff's prison account pursuant

to 28 U.S.C. § 1915(b)(2) in the manner set forth below,

regardless of the outcome of the litigation; and it is further

        ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the

$350.00 fee is paid, each month that the amount in plaintiff's

prison account exceeds $10.00, the agency having custody of plaintiff shall assess, deduct from his account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to plaintiff's prison account, with each payment referencing the civil docket number of this action; and it is further

ORDERED that the Complaint is DISMISSED WITHOUT PREJUDICE, in its entirety, as to the named defendant, FCI Fort Dix Health Services, for failure to state a claim upon which relief may be granted at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that plaintiff's claim against the remaining defendant, FCI Fort Dix Counselor Simms ("Simms"), alleging deprivation of property, is DISMISSED WITH PREJUDICE, in its entirety, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that plaintiff's claims against Simms alleging denial of medical care, retaliation, and denial of disciplinary due process, SHALL PROCEED at this time; and it is further

ORDERED that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this Order upon the remaining defendant Simms,

pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that the remaining defendant Simms shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 454 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel (in this regard, plaintiff is advised that such appointment is not automatic); and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

ORDERED that, if at any time plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the

3

attorney's address, and (2) file a Certificate of Service with

plaintiff's Application for Pro Bono Counsel.


**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge