IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TUNDE ADEYI, | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | Civil No. 09-5316 (JBS/JS) |
| v. | : | |
| FCI FORT DIX HEALTH SERVICES, et al., | : | **OPINION** |
| Defendants. | : | |

APPEARANCES:

Tunde Adeyi, <u>Pro</u> <u>Se</u>
55329-053
FCI - Fort Dix
Unit - 5703
P.O. Box 2000
Fort Dix, NJ 08640

John Andrew Ruymann, Assistant U.S. Attorney
Office of the U.S. Attorney
402 East State Street
Suite 430
Trenton, NJ 08608
     Attorney for Defendants FCI Fort Dix Counselor Simms and
     United States Federal Bureau of Prisons

**SIMANDLE**, Chief Judge:

## I.  INTRODUCTION

     This matter is before the Court on Defendant United States
Federal Bureau of Prison's motion to dismiss pro se Plaintiff
Tunde Adeyi's ("Plaintiff") amended complaint [Docket Item 24]
and Defendant Counselor Simms' motion for summary judgment
[Docket 25].  The Plaintiff filed opposition.  [Docket Item 30.]
For the reasons discussed herein, the court will grant the

Defendants' motion to dismiss and motion for summary judgment.

## II.   BACKGROUND

The underlying facts of this case are set forth in the court's May 4, 2010 Opinion [Docket Item 2] and are incorporated herein.

The Plaintiff is a federal prisoner at FCI - Fort Dix and filed the instant action against FCI Fort Dix Health Services and FCI Fort Dix Counselor Simms pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The Plaintiff's initial complaint alleged the following causes of action: violation of his Eighth Amendment right to adequate medical care when Defendant Simms assigned plaintiff to snow removal and a top bunk; violation of his procedural due process rights during his prison disciplinary proceedings; violation of his First Amendment rights when Defendant Simms allegedly retaliated against the Plaintiff by filing a false disciplinary charge after Plaintiff complained about the snow removal detail and his assignment to a top bunk; and deprivation of personal property when Defendant Simms failed to pack and secure Plaintiff's personal property when Plaintiff was transferred to a special housing unit.

After granting the Plaintiff's application to proceed in forma pauperis, the court screened the Plaintiff's complaint pursuant to 28 U.S.C. Section 1915(e)(2).  The court issued an

opinion concluding that the Plaintiff's complaint should be allowed to proceed in part.  [Docket Item 2.]  The court dismissed all claims against FCI Fort Dix Health Services for failure to state a claim because the Plaintiff did not allege any facts to establish that FCI Fort Dix Health Services had any involvement in the alleged harm caused to the Plaintiff.  The court also dismissed Plaintiff's claim against Defendant Simms for deprivation of property for failure to state a claim because meaningful post-deprivation remedies were available.  However, the court allowed Plaintiff's complaint to proceed against Defendant Simms for denial of medical care, retaliation and denial of disciplinary due process.  [Docket Items 2 and 3.]

The Plaintiff then filed an amended pleading seeking to supplement his original complaint by adding a claim against the United States Federal Bureau of Prisons ("United States" or "BOP") alleging a violation of the Federal Tort Claim Act, for damages caused by the BOP's failure to secure plaintiff's personal property, which included a wrist watch, a book Plaintiff was writing, a hearing aid case, his writings and other items. [Docket Item 13.]  The Amended Complaint did not change the nature of Plaintiff's constitutional claims against Defendant Simms nor did the Amended Complaint add any further factual allegations to establish any involvement by the FCI Fort Dix Health Services in causing the alleged injuries to the Plaintiff.

Prior to filing his amended complaint, the Plaintiff filed
an administrative tort claim with the Bureau of Prisons ("BOP"),
pursuant to the provisions of the Federal Tort Claims Act
("FTCA").  The administrative tort claim alleged that the
Plaintiff's personal property was lost on February 22, 2008, when
Defendant Simms failed to properly secure the property as
Plaintiff was being escorted to the Special Housing Unit.  The
Plaintiff signed this tort claim and dated it August 4, 2009.
(Moran Decl., Ex. 6.)

The BOP treated this claim as a claim brought pursuant to 31
U.S.C. § 3723, which permits federal government agencies to
settle claims for damage to, or loss of, privately owned property
caused by the negligence of federal employees acting within the
scope of their employment.  See 31 U.S.C. § 3723.  The BOP
rejected the Plaintiff's claim because it was not submitted
within the one year limitations period prescribed by 31 U.S.C. §
3723(b).  (Moran Decl., Ex. 6.)

The Defendant United States filed the instant motion to
dismiss the Plaintiff's amended complaint alleging an FTCA claim
pursuant to Fed. R. Civ. P. 12(b)(1).  The United States argues
that Plaintiff's FTCA claim must be dismissed for lack of subject
matter jurisdiction because this claim is barred by the FTCA's
detention of goods exception at 28 U.S.C. § 2680(c).  In
addition, to the extent the Plaintiff is attempting to appeal the

4

BOP's rejection of his claim pursuant to 31 U.S.C. § 3723, the
United States argues this claim must also be dismissed as the
BOP's decision to settle or not a settle a claim under 31 U.S.C.
§ 3723 is not subject to judicial review.

Defendant Simms also filed a motion for summary judgment as
to Plaintiff's remaining constitutional claims.  As to
Plaintiff's adequate medical care claims, Defendant Simms argues
that the Plaintiff failed to exhaust his grievances as to his
snow removal duty and his top bunk assignment.  First, Defendant
Simms argues that the Plaintiff never filed a grievance as to his
snow removal duty.  Second, Defendant Simms maintains that
Plaintiff filed his grievance regarding his top bunk assignment
approximately 11 months after the incident, which is well outside
the twenty day time limitation prescribed in 28 C.F.R. §
542.15(b)(2).  Defendant Simms provides factual support for these
arguments by producing the Declaration of Tara Moran, the Legal
Assistant to the BOP and copies of the Plaintiff's filed
grievances.

Defendant Simms also argues that Plaintiff's due process
claim must be dismissed because the Plaintiff has alleged no
facts and provided no evidence showing that Defendant Simms was
involved in the disciplinary hearing.  Defendant Simms argues
that he had no personal involvement in the Plaintiff's
disciplinary hearing and had no role in whether the Plaintiff was

able to present witnesses or evidence.  Defendant Simms submitted his own affidavit attesting to his lack of personal involvement in Plaintiff's disciplinary hearing.

Finally, Defendant Simms argues that Plaintiff's retaliation claim also must be dismissed.  Defendant Simms maintains that he filed the disciplinary charge against the Plaintiff for insolence towards a staff member on April 7, 2008, approximately 11 months prior to Plaintiff filing a grievance about his top bunk assignment.  Therefore, Defendant Simms argues that the disciplinary charge could not have been filed in retaliation to the Plaintiff's constitutionally protected activity since the Plaintiff had not engaged in constitutionally protected activity at the time the disciplinary charge was lodged.  Defendant Simms relies on his own affidavit and supporting exhibits as well as the Declaration of Tara Moran.

The Plaintiff filed opposition to the motion for summary judgment.  The Plaintiff argues that he did exhaust his administrative remedies; however, the Plaintiff does not address why his initial grievance contesting his bunk assignment was filed outside the applicable limitations period.  The Plaintiff reiterates his allegations that Defendant Simms violated his rights under the Eighth Amendment by ignoring his medical conditions and assigning him to snow removal duty and an upper bunk.

The Plaintiff maintains his due process rights were violated by his inability to present witnesses and evidence at his disciplinary hearing but the Plaintiff does not provide facts which show Defendant Simms had a personal involvement in these deprivations.  Rather, Plaintiff relies on Defendant Simms' authorship of the initial incident report as sufficient evidence to hold Defendant Simms accountable for the conduct of the subsequent disciplinary proceedings.

The Plaintiff alleged in his filed grievance that Defendant Simms issued the April 7, 2008 disciplinary report against him in retaliation.  The Plaintiff states that he was initially moved to a lower bunk on March 26, 2008.  The Plaintiff went to the Medical Department on March 26, 2008 and received a copy of his lower bunk pass which he showed to Defendant Simms.  Defendant Simms then authorized the Plaintiff to move to the lower bunk in his cell.  On April 7, 2008, the unit officer on duty saw the Plaintiff on the bottom bunk and allegedly told the Plaintiff to move to the top bunk because the unit officer's records reflected he should be occupying the top bunk.  The Plaintiff then alleges that he moved his bed to the top bunk pursuant to the unit officer's order and then went to the Medical Department to get another copy of his lower bunk pass.  The Plaintiff then showed the Unit Officer on duty his lower bunk pass and the Unit Officer then instructed the Plaintiff to show it to Defendant Simms,

7

which the Plaintiff did.   [Moran Dec. Ex. 4.]

Defendant Simms then denied having given Plaintiff permission to move his bunk and instructed the unit officer on duty to issue an incident report stating that the Plaintiff had moved his bed assignment on his own.  According the Plaintiff, the unit officer refused to do so given Plaintiff's lower bunk pass which was issued two weeks prior.  The Plaintiff then maintains Defendant Simms took the Plaintiff to the Unit Manager, Mr. Mckinnon, and told the Plaintiff that he had never authorized the Plaintiff to move to the lower bunk.  Mr. Simms then proceeded to issue an incident report for a 307 violation for refusing to obey an order.  According to the Plaintiff, this incident report was later dropped because it was not supported by any evidence.  [Moran Dec. Ex. 4.]

Defendant Simms then issued a second incident report on the same day, April 7, 2008, for a 312 violation, insolence to a staff member.  The incident report alleges that the Plaintiff was instructed to leave the Staff Alley area after he received counseling from Defendant Simms and the Plaintiff responded in a loud and aggressive tone "why do I have to leave if I am telling you something and you don't want to listen to me."  [Simms Decl. Ex. 5.]  The Plaintiff did not deny that he was speaking loudly, but says he did not know how loudly he was actually speaking because he has hearing problems and needs hearing aids to

properly hear.  The Plaintiff also denied that he was asked to
leave the alley area.  The Plaintiff maintains that Simms asked
the other inmates to leave and continued to speak to Plaintiff in
the Alley area about the conversation between the Plaintiff and
the unit manager regarding the 307 charge for moving his bed to
the lower bunk. [Moran Dec. Ex. 4.]

The Plaintiff argues that Defendant Simms filed a false
incident report against the Plaintiff in retaliation for the
Plaintiff receiving a bottom bunk pass from the Medical
Department and insisting to be assigned a lower bunk.

Finally, the Plaintiff maintains that his FTCA claim is
proper as Defendant Simms failed to properly secure Plaintiff's
property when he was transferred to the Special Housing Unit.

## III.  MOTION TO DISMISS

The Defendant United States files the instant motion to
dismiss the Plaintiff's amended complaint pursuant to Fed. R.
Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  In his
amended complaint, the Plaintiff claims Defendant Counselor Simms
failed to secure plaintiff's personal property, which included a
wrist watch, a book Plaintiff was writing, a hearing aid case,
his writings and other items when the Plaintiff was transferred
to the Special Housing Unit.

The United States argues Plaintiff's FTCA claim must be
dismissed because it is barred by 28 U.S.C. § 2680(c), the

detention of goods exception to the FTCA.  Alternatively, if

Plaintiff is seeking to appeal the BOP's decision declining to

settle his claim pursuant to 31 U.S.C. § 3723, this must also be

dismissed because an agency's decision to settle or not settle a

claim is not subject to judicial review.

Under the FTCA, United States district courts have

jurisdiction over

> civil actions on claims against the United States, for
> money damages, accruing on and after January 1, 1945, for
> injury or loss of property, or personal injury or death
> caused by the negligent or wrongful act or omission of
> any employee of the Government while acting within the
> scope of his office or employment, under circumstances
> where the United States, if a private person, would be
> liable to the claimant in accordance with the law of the
> place where the act or omission occurred.

28 U.S.C. § 1346(b).  Although "[t]he FTCA . . . waives the

government's sovereign immunity with respect to tort claims

against the United States for money damages," Fisher Bros. Sales,

Inc. v. United States, 46 F.3d 279, 284 (3d Cir. 1995), this

waiver is subject to certain exceptions.  See 28 U.S.C. §§

2680(a)-(n).  One of these exceptions, the "detention of goods"

exception found at subsection (c), is applicable in this case.

This subsection provides in relevant part that § 1346(b) does not

apply to "[a]ny claim arising in respect of the assessment or

collection of any tax or customs duty, or the detention of any

goods, merchandise, or other property by any officer of customs

or excise or any other law enforcement officer . . ." 28 U.S.C. §

2680(c).   In <u>Ali v. Federal Bureau of Prisons</u>, 552 U.S. 214, 228 (2008), the Supreme Court held that the phrase "any other law enforcement officer" should be construed broadly to mean "what it literally says."  In so holding, the Supreme Court concluded that Section 2680(c) "forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers.  <u>Id.</u> at 228.   The Supreme Court held in <u>Ali</u> that a federal prisoner could not maintain a Federal Tort Claims Act case against the United States or the Federal Bureau of Prisons for lost property.  <u>Id.</u>

Therefore, it is clear that the FTCA does not waive the United States' sovereign immunity with respect to claims such as Plaintiff's tort claims based on Defendant Simms' alleged failure to secure plaintiff's personal property.

"Because a waiver of sovereign immunity is a prerequisite for jurisdiction," <u>In re University Medical Center</u>, 973 F.2d 1065, 1085 (3d Cir. 1992), the Court finds that it lacks subject matter jurisdiction over Plaintiff's FTCA claims, and will grant Defendants' motion as to those claims.

To the extent Plaintiff's amended complaint could be construed as an appeal of the BOP's decision not to settle Plaintiff's claim for damages to his personal property pursuant to 31 U.S.C. § 3723, this too must be dismissed.

First, the Plaintiff claims that Defendant Simms' failed to

secure his personal property when he was transferred to the Special Housing Unit on February 22, 2008.  The Plaintiff did not file his administrative tort claim with the BOP until August 4, 2009.  (Moran Decl., Ex. 6.)  This is plainly outside the one year limitations period prescribed by the statute.  31 U.S.C. § 3723(b)("A claim under this section may be allowed only if it is presented to the head of the agency within one year after it accrues").

Furthermore, this act expressly states that the "[s]ettlement of a claim under this section is final and conclusive,"  31 U.S.C. § 3721(k).  Therefore the BOP'S decision to settle or not settle Plaintiff's claim is not subject to judicial review.  <u>Merrifield v. United States</u>, 14 Cl.Ct. 180, 184 (1988).

Accordingly, the Plaintiff's amended complaint which seeks to add an FTCA claim against the Defendant United States will be dismissed because the FTCA claim is barred by 28 U.S.C. § 2680(c).  To the extent Plaintiff asserts a claim for loss of his personal property under 31 U.S.C. § 3723, his claim is untimely under the limitations of 31 U.S.C. § 3723(b), and it will be dismissed.

## IV.  MOTION FOR SUMMARY JUDGMENT

### A.  Standard of Review

Summary judgment is appropriate "if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id. The Court will view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party. Hunt v. Cromartie, 526 U.S. 541, 552 (1999). See also Scott v. Harris, 550 U.S. 372, 378 (2007) (The district court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion.").

**B. Analysis**

Defendant Simms moves for summary judgment as to all of Plaintiff's claims. The court will address each claim separately below.

**1. Adequate Medical Care**

Defendant Simms argues that Plaintiff's Eighth Amendment claims arising out of his assignment to snow removal duty and assignment to a top bunk must be dismissed because the Plaintiff failed to exhaust his administrative remedies.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §

1997e, governs particular aspects of litigation by prisoners

during the period of their incarceration.  Specifically, Section

1997e(a) establishes the requirement of administrative

exhaustion:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.  Plaintiff's claim falls within the ambit of the PLRA because

he seeks to challenge the conduct of prison officials and the

conditions of his confinement, namely his work duty assignment

and his bunk assignment. See Booth v. Churner, 206 F.3d 289, 294

(3d Cir. 2000) (holding that suits by prisoners challenging

"conditions of confinement or the effects of actions by

government officials on the lives of persons confined in prison"

fall within the restrictions of the PLRA).  Thus, before filing

his Eighth Amendment claims in this lawsuit, the Plaintiff was

required to exhaust any available administrative remedies.

Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).

It is undisputed that the Plaintiff never filed a grievance

report as to his assignment to snow removal duty.  (Moran Decl. ¶

5).  In addition, it is undisputed that the Plaintiff did not

file a grievance for his top bunk assignment until 11 months

after the incident occurred.  (Moran Decl. ¶ 5, Ex. 2).  This is

14

well outside the twenty day limitations period required for
filing such a grievance.   See 28 C.F.R. § 542.14(a)("The
deadline for completion of informal resolution and submission of
a formal written Administrative Remedy Request, on the
appropriate form (BP-9), is 20 calendar days following the date
on which the basis for the Request occurred.").

     Therefore, the Plaintiff has failed to meet the exhaustion
requirement as to his Eighth Amendment claims alleging the denial
of adequate medical care.  Accordingly, summary judgment is
appropriate and these claims must be dismissed.

### 2.  Retaliation

     "Retaliation for the exercise of constitutionally protected
rights is itself a violation of rights secured by the
Constitution . .. ."  White v. Napoleon, 897 F.2d 103, 111-12 (3d
Cir. 1990).  To prevail on a retaliation claim, plaintiff must
demonstrate that (1) he engaged in constitutionally-protected
activity; (2) he suffered, at the hands of a state actor, adverse
action "sufficient to deter a person of ordinary firmness from
exercising his [constitutional] rights;" and (3) the protected
activity was a substantial or motivating factor in the state
actor's decision to take adverse action.  Rauser v. Horn, 241
F.3d 330, 333 (3d Cir. 2001) (quoting Allah v. Seiverling, 229
F.3d 220, 225 (3d Cir. 2000)).

     In allowing the Plaintiff's retaliation claim to proceed

                              15

past the court's 1915 screening, the court found that the

Plaintiff alleged that Simms wrote an incident report after Adeyi

complained about the snow removal detail and the assignment of a

top bunk.  The court recognized that a prisoner's ability to file

grievances against prison officials is a constitutionally

protected activity for purposes of a retaliation claim.  Milhouse

v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  The court

concluded that because the Plaintiff alleged that Defendant Simms

filed the allegedly false disciplinary report because the

Plaintiff filed grievances challenging his work duty and bunk

assignment, the Plaintiff met the requisite elements of a

retaliation claim. [Docket Item 2.]

Defendant Simms argues that the evidence does not support

Plaintiff's retaliation claim.  The evidence, contrary to

Plaintiff's allegations, shows that the Plaintiff never filed a

formal grievance as to his work duty and that the Plaintiff did

not file a grievance challenging his bunk assignment until months

after Defendant Simms filed the disciplinary report.  The

Plaintiff does not contest these facts.

It is undisputed that the Plaintiff did not engage in

constitutionally protected activity, specifically the filing of a

grievance, until months after Defendant Simms filed his

disciplinary report charging the Plaintiff with insolence towards

a staff member.  Accordingly, no rational jury could find that

16

the protected activity was a cause or motivating factor in Defendant Simms' decision to file a disciplinary report. Therefore, summary judgment is appropriate and Plaintiff's retaliation claim will be dismissed.

### 3.   Due Process

Defendant Simms contends that summary judgment is appropriate to dismiss Plaintiff's due process claim against him. Specifically, Defendant Simms maintains that after he filed the initial disciplinary report charging the Plaintiff with insolence towards a staff member, he had no further involvement in the disciplinary proceedings.  Defendant Simms avers in his affidavit that he was not a member of the discipline hearing and has no knowledge regarding the Plaintiff's ability to present witnesses or documentary evidence during the hearing.  (Decl. of Trace Simms, ¶ 10.)  This is further confirmed by the incident report form which includes the signatures of the disciplinary committee who were present at the hearing and these signatures do not include Defendant Simms.  (Decl. of Trace Simms, Ex. 5 at ¶ 21.) The Plaintiff has produced no evidence to the contrary. Consequently, it is undisputed that Defendant Simms' involvement in the disciplinary hearing was limited to the filing of the initial incident report.

A defendant in a civil rights action "must have personal involvement in the alleged wrongs" and "can be shown through

allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  In order to sustain a Bivens action, a plaintiff must establish "that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

It is well established that the act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.  See Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986)(holding that "the mere filing of [a false] charge itself" does not constitute a cognizable claim under § 1983 so long as the inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges"), cert. denied, 485 U.S. 982 (1988); Creter v. Arvonio, No. 92-4493, 1993 WL 306425, at *7 (D.N.J. Aug. 5, 1993); Duncan v. Neas, No. 86-109, 1988 WL 91571, at *1 (D.N.J. Aug. 30, 1988)(determining that "the alleged knowing falsity of the charge 17 [does not state] a claim of deprivation of a constitutionally protected liberty interest ... where procedural due process protections were provided").

Defendant Simms' only involvement in Plaintiff's alleged deprivation of due process rights was the filing of the initial incident report.  There is no evidence that Defendant Simms was present at the disciplinary hearing or obstructed the Plaintiff's

ability to bring witnesses and present evidence at the hearing in
any way.  Therefore, even if the incident report at issue was
false, this is insufficient to establish that Defendant Simms
violated the Plaintiff's constitutional right to due process.

Accordingly, summary judgment as to this claim is
appropriate and the Plaintiff's complaint against Defendant Simms
will be dismissed in its entirety.

## V. Conclusion

For the reasons discussed herein, the court will grant
Defendant United States' motion to dismiss Plaintiff's amended
complaint [Docket Item 24] as this court lacks subject matter
jurisdiction to hear Plaintiff's FTCA claim, and his property
loss claim under 31 U.S.C. § 3723 is untimely.

The court will also grant Defendant Simms' motion for
summary judgment [Docket Item 25.]  The Plaintiff failed to
exhaust his administrative remedies in regards to his Eighth
Amendment claims for denial of adequate medical care and
therefore these claims must be dismissed.  Plaintiff has failed
to establish that he engaged in constitutionally protected
activity prior to Defendant Simms' filing of the incident report
charging the Plaintiff with insolence and therefore, the
Plaintiff cannot establish the requisite elements of his
retaliation claim.  Finally, the Plaintiff has put forth no
evidence showing Defendant Simms' had any personal involvement in

Plaintiff's alleged deprivation of due process during his

disciplinary hearing.

        Therefore, summary judgment is appropriate and the

Plaintiff's complaint will be dismissed in its entirety.  The

accompanying Order will be entered.


**June 7, 2012**                              **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         Chief U.S. District Judge